**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| **GOF FINANCE, LLC** <br> 120 W. 2nd Street, Ste. 1406 <br> Dayton, Ohio  45402 <br><br> **Plaintiff,** <br><br> v. <br><br> **THE OLD NOCONA BOOT FACTORY, LLC** <br> 901 East Highway 82 <br> Nocona, TX 76255 <br><br> and <br><br> **CHIEF NOCONA, LLC** <br> 901 East Highway 82 <br> Nocona, TX 76255 <br><br> **CRAIG CARTER** <br> 1513 9th Street <br> Argyle, TX 78266 <br><br> **CHURCH AV INSTALLERS, LLC** <br> 901 East Highway 82 <br> Nocona, TX 76255 <br><br> **HOPE 29:11 INC.,** <br> 901 East Highway 82 <br> Nocona, TX 76255 <br><br> **Defendants.** | Case No.: _____ <br><br><br><br> JUDGE _____ <br><br><br><br> **COMPLAINT UPON COGNOVIT PROMISSORY NOTE AND PERSONAL GUARANTY** |

1.     Plaintiff GOF Finance, LLC ("GOF") brings the following Complaint against The Old Nocona Boot Factory, LLC ("The Boot Factory"), and Chief Nocona, LLC ("Chief Nocona") (Collectively "Borrowers") to enforce the terms of its Cognovit Balloon Promissory Note, as well as for non-Cognovit breach of Guaranty claims against Craig Carter ("Carter"), Church AV Installers ("Church AV"), and Hope 29:11, Inc. ("Hope")(Collectively "Guarantors"):

**PARTIES, JURISDICTION, AND VENUE**

2.     GOF is a for-profit business with its principal place of business at 120 W. Second Street, Suite 1406, Dayton, Ohio 45402.

3.     Upon information and belief, The Boot Factory is a foreign limited liability company organized in the state of Texas with its principal place of business 901 East Highway 82, Nocona, TX 76255, and with a Statutory Agent Address of 304 N. Oak St., Roanoke, TX 76262.

4.     Upon information and belief, Chief Nocona is a foreign limited liability company organized in the state of Texas with its principal place of business 901 East Highway 82, Nocona, TX 76255, and with a Statutory Agent Address of 304 N. Oak St., Roanoke, TX 76262.

5.     Upon information and belief, Craig Carter is an individual resident of the state of Texas with his primary residence at 304 N. Oak St., Roanoke, TX 76262.

6.     Upon information and belief, Church AV is a foreign limited liability company organized in the state of Texas with its principal place of business 901 East Highway 82, Nocona, TX 76255, and with a Statutory Agent Address of 304 N. Oak St., Roanoke, TX 76262.

7. Upon information and belief, Hope 29:11 Inc., is a foreign corporation organized in the state of Texas with its principal place of business 901 East Highway 82, Nocona, TX 76255, and with a Statutory Agent Address of 304 N. Oak St., Roanoke, TX 76262.

8. Jurisdiction is proper pursuant to 28 U.S.C. §1332 and the Borrowers and all Guarantors in this case are citizens of the state of Texas and the Plaintiff is a citizen of the State of Ohio. Plaintiff's claims for relief far exceed $75,000. This Court has jurisdiction over the parties and this matter pursuant to Ohio Revised Code §§ 2305 et seq. and 2323 et seq.

9. Venue for this action lies in Montgomery County, Ohio, as the events giving rise to the cause of action occurred in Montgomery County Ohio, which is in this Judicial District. Furthermore, pursuant to the agreement between the parties, any lawsuit to enforce the terms of the Cognovit Balloon Promissory Note shall be construed in accordance with the local laws of the State of Ohio and brought in the courts located in Montgomery County, Ohio, and any claim of *forum non conveniens* shall be waived.

**FACTUAL BACKGROUND**

10. On or about December 12, 2019, Borrowers executed and delivered to GOF a Cognovit Balloon Promissory Note, in writing, in the original principal amount of Five-Hundred Fifty One Thousand and 00/100 Dollars ($551,000.00) (the "Cognovit Note").  A copy of the Cognovit Note is attached to this Complaint as **Exhibit "A"**. Also attached are copies of the First and Second Amended and Restated Cognovit Balloon Promissory Notes (the "Amended Cognovit Notes"), executed by Chief Nocona, and The Boot Factory, on February 1, 2021, and December 1, 2021 respectively, each in the original

principal amount of Five-Hundred Fifty One Thousand and 00/100 Dollars ($551,000.00). Copies of the Amended Cognovit Notes are attached hereto as **Exhibit "B"** and **Exhibit "C"** respectively.

11. Attached hereto as **Exhibit "D"** is a copy of Deed of Trust (the "Deed of Trust") that was validly executed by Chief Nocona only, which was made in trust to secure payment on the Cognovit Note. The Parties to the Deed of Trust intended that it attach to the entire fee simple interest in the property. The Deed of Trust was recorded December 20, 2019, in Montague County, TX, Official Instrument Number 1905138, Montague County records.

12. The Deed of Trust is a lien on the real property (the "Real Property") described more fully in the attached Deed of Trust.

13. Attached hereto as **Exhibit "E"** is a copy of the Assignment of Rents and Leases (the "Assignment of Rents") that was validly executed by Chief Nocona, in connection with the Cognovit Note. The Parties to the Assignment of Rents intended that it attach to any and all rents, receipts, revenues, awards, income, and profits. The Assignment of Rent was recorded December 20, 2019 in Montague County, TX, Official Instrument Number 1901538, Montague County records.

14. Attached hereto as **Exhibit "F"** is a copy of the Property Access Agreement (the "Property Access Agreement"), executed by Chief Nocona, and delivered to GOF on or about December 12, 2019, which provides GOF with the right to access and enter upon the property as defined in the Property Access Agreement.

15. Attached hereto as **Exhibit "G"** is a copy of the Loan Agreement (the "Loan Agreement"), executed by the Borrowers, and delivered to GOF on or about December

12, 2019, which incorporates by reference the Cognovit Note, the Deed of Trust, Fixture Filing, and Security Agreement.

16. Attached hereto as **Exhibit "H"** is a copy of the Security Agreement (the "Security Agreement"), executed by Chief Nocona, and The Boot Factory, and delivered to GOF on or about December 12, 2019, which identifies GOF as a secured creditor and provides a security interest in the Collateral defined therein.

17. Attached hereto as **Exhibit "I"** and **Exhibit "J"** respectively, are copies of Loan Modifications executed by Chief Nocona, and The Boot Factory, which among other things, ultimately extended the Maturity Date to March 1, 2022.

18. Collectively attached hereto as **Exhibit "K"** are copies of the Continuing Unlimited Guaranty, (the "Guaranties") each executed by Craig M. Carter, Church AV Installers, LLC, and HOPE 29:11 Inc., individually (collectively, the "Guarantors") which were delivered to Plaintiff in conjunction with Note and First and Second Amended Cognovit Notes as defined in the Guaranties.

19. GOF is the holder and in possession of the Cognovit Note, and the Amended Cognovit Notes.

20. The Cognovit Note, and the Amended Cognovit Notes, each confirm with words of "warning", directly above the Maker's signature, in such type size, distinctive marking, and that it appears more clearly and conspicuously than anything else on the documents, the warning required under R.C. 2323.13(D).

21. To the best of GOF's knowledge, the last known principal place of business address of each Defendant, was in Montague County, Texas at: 901 East Highway 82,

Nocona, TX 76255, and with a Statutory Agent Address of 304 N. Oak St., Roanoke, TX 76262.

22. Borrowers defaulted under the terms of the Cognovit Note, as well as the Amended Cognovit Notes by, among other instances of default, failing to make interest only payments on the principal amount on a monthly basis.  See Cognovit Note at pp 1-3.

23. GOF's Cognovit Note, and Amended Cognovit Notes contain the following clause regarding the interest rate and late fees:

> "Upon any Act of Default by Borrower of any payment due hereunder, the interest rate shall be automatically adjusted to thirty-six percent (36%) per annum (the "Default Interest Rate") dating from the date of the default and thereafter. Any payment made after the Due Date shall incur a charge of One Hundred and 00/100 Dollars ($100.00) (the "Late Fee"). Lender is not required to provide nay notice of change of the Initial Interest Rate to the Default Interest Rate or of imposition of any late fee."

24. Though no formal notice was required pursuant to the terms of the Cognovit Note, or Amended Cognovit Notes, Borrowers were notified of their default.

25. The loan obligations evidenced by the Cognovit Note, and the Amended Cognovit Notes are commercial obligations and do not arise out of consumer loans or consumer transactions.

26. Borrowers defaulted under the terms of the Cognovit Note, and the Amended Cognovit Notes by, among other, defaults failing to make monthly interest payments.

27. The loan matured on March 1, 2022, and Borrowers have neither tendered payment in full nor has payment in full been received.

28. GOF's Cognovit Note, as well as the Amended Cognovit Notes contain the following clause regarding waiver:

> "In the event of any Act of Default, then, at the option of Lender, the entire outstanding principal balance, together with any and all other charges, including reasonable attorney's fees shall become immediately due and payable. However, Lender's failure to demand payment of any default does not act as a waiver of Lender's right to declare an subsequent late or past due payment in default and thereafter demand full payment of the outstanding balance of this Note."

29. GOF is in possession of the Cognovit Note, as well as the Amended Cognovit Notes, and has fulfilled all conditions precedent, and has accelerated the Cognovit Note, as well as the Amended Cognovit Notes, and elected to demand payment of all the indebtedness on the Cognovit Note, as well as the Amended Cognovit Notes to be immediately due and payable from Borrowers.

30. Borrowers have failed to pay the amount due and owing to GOF under the Cognovit Note, or the Amended Cognovit Notes.

31. GOF has elected to demand payment of all indebtedness owing on the Cognovit Note, as well as the Amended Cognovit Notes to be immediately due and payable from the Borrowers.

## COUNT ONE: CLAIM FOR COGNOVIT JUDGMENT

32. GOF incorporates by reference the allegations of the foregoing paragraphs as if fully restated herein.

33. On various days in the month of February, 2022, GOF made certain advances on behalf of Defendant in the total amount of $2,226,529.44, which were necessary to protect the Collateral identified in the Loan Agreement by stopping a foreclosure action, (the "Texas Foreclosure Action") that had been initiated against the

Real Property commonly known as 901 East Highway 82, Nocona, TX 76255, and more accurately described in the Deed of Trust appended hereto as Exhibit "D".

34. Borrowers Chief Nocona and The Boot Factory, have each failed to pay the sums owing on the Cognovit Note, or the Amended Cognovit Notes, and as of and including January 1, 2022, there was owing to GOF on the Cognovit Note the principal sum of Five Hundred Fifty-One Thousand Dollars ($551,000.00), together with unpaid monthly interest installments in the amount of $231,420.00 due January 1, 2022 through March of 2023, plus late charges for the months of February 2022 thru March 2023 in the amount of $1,400.00, plus servicing fees of $3,214.17, plus advances paid to cure the Texas Foreclosure Action in the amount of $2,226,529.44, plus reasonable attorney fees, costs, and other sums as provided in the Cognovit Note as of the 1st day of each month following February 2022, and as more fully established in the Affidavit of Jason Downey, which is attached to this Complaint as **Exhibit "L"**. Default interest at the rate of thirty-six (36) percent per annum continues to accrue and is due and owing.

35. Plaintiff has sustained pre-judgment attorney fees.

36. As specifically set forth in the Cognovit Note and the Amended Cognovit Notes, Plaintiff is entitled to collect its post-judgment Attorney fees, which are associated with the collection of the Judgment, including those associated with the domestication of this Judgment in any foreign Jurisdiction.

37. GOF Finance, LLC is therefore entitled to a supplemental award of attorney fees in any Court in which post-judgment collection proceedings have been undertaken, upon Counsel filing a Motion and Affidavit of Attorney fees with that Court.

**COUNT TWO: ENFORCEMENT OF PERSONAL GUARANTY**

38. GOF incorporates by reference the allegations contained in each of the foregoing paragraphs as if they were fully re-written herein.

39. Pursuant to the Guaranty Craig M. Carter, Church AV Installers, LLC, and HOPE 29:11 Inc., each, individually guaranteed the obligations of Borrowers under the Loan Documents, including the payment and performance obligations.

40. As set forth above, Borrowers are default under the terms and conditions of the Loan Documents, and said balance is now due and owing in full from the Guarantors, jointly and severally.

**WHEREFORE, GOF respectfully prays for judgment as follows:**

(a) Cognovit judgment on the Cognovit Notes against Borrowers, Chief Nocona, LLC and The Old Nocona Boot Factory, LLC., jointly and severally, in the principal sum of Five Hundred Fifty-One Thousand Dollars ($551,000.00), together with unpaid monthly interest installments in the amount of $231,420.00, plus late charges for the months of February 2022 thru March 2023 in the amount of $1,400.00, plus servicing fees of $3,214.17, plus advances paid to cure the Texas Foreclosure Action in the amount of $2,226,529.44, plus reasonable attorney fees, costs, and other sums as provided in the Cognovit Note as of the 1st day of each month following February 2022, and as more fully established in the Affidavit of Jason Downey. Default interest at the rate of thirty-six (36) percent per annum continues to accrue and is due and owing; and

(b) For an award of GOF's pre-judgment and post-judgment attorney fees, and court costs, as specifically set forth in the Cognovit Note and the Amended Cognovit Notes, and which are associated with the collection of the Judgment.

(c) Judgment against the Guarantors on the separate Guaranty Agreements, jointly and severally in the principal sum of Five Hundred Fifty-One Thousand Dollars ($551,000.00), together with unpaid monthly interest installments in the amount of $231,420.00, plus late charges for the months of February 2022 thru March 2023 in the amount of $1,400.00, plus servicing fees of $3,214.17, plus advances paid to cure the Texas Foreclosure Action in the amount of $2,226,529.44, plus reasonable attorney fees, costs, and other sums as provided in the Cognovit Note as of the 1st day of each month following February 2022, and as more fully established in the Affidavit of Jason Downey. Default interest at the rate of thirty-six (36) percent per annum continues to accrue and is due and owing.

(d) For such other and further relief to which GOF may be entitled in equity or at law.

Respectfully submitted,

/s/ Ryan F. Hemmerle
Ryan F. Hemmerle (0079721)
Strauss Troy Co., LPA
150 East Fourth Street, 4th Floor
Cincinnati, Ohio 45202-4018
Telephone No.: (513) 621-2120
Facsimile No.: (513) 241-8259
Email: rfhemmerle@strausstroy.com
*Attorney for Plaintiff, GOF Finance, LLC*

16179928